IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02286-BNB

RICHARD S. JONES,

    Plaintiff,

v.

TIME & RELEASE (Cañon City),
JOHN W. SUTHERS (Attorney General's Office),
PAUL SANZO (Attorney General's Office),
TIMOTHY BOULTON (Adult Parole South Metro Office),
SAM LEAL (Adult Parole South Metro Office),
ARI ZAVARAS (Colo. Dept. of Corrections), and
RON LUCERO (Arrowhead Corr. Center Colo. Dept. of Corrections),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 03 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Richard S. Jones is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Jones has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. Mr. Jones is challenging the execution of his state court sentences and he apparently claims that his rights under the United States Constitution have been violated. As relief Mr. Jones seeks money damages and either his immediate release from custody or a hearing to discuss his immediate release.

The Court must construe the complaint liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so

despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Court will dismiss the complaint and the action.

As noted above, Mr. Jones is challenging the execution of his sentences. He asserts in his first claim that he has completed his sentences. He asserts in his second claim that he has been denied release based on a drug charge even though he never was tried or convicted of any drug offense.

To the extent Mr. Jones seeks his immediate release from custody, or a hearing to discuss his immediate release, based on his claims that his sentences are not being computed correctly, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action because there is no indication that Mr. Jones has exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief pursuant to § 2241). The Court also notes that Mr. Jones raised the same or similar claims challenging the execution of his sentences in a habeas corpus action that recently was dismissed for failure to exhaust state remedies. *See Jones v. Attorney General*, No. 08-cv-01539-ZLW (D. Colo. Nov. 5, 2008).

The only other relief Mr. Jones seeks is an award of money damages. However, Mr. Jones may not recover damages for the claims he is asserting in this action

because those claims challenge the execution of his sentences. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Jones does not allege, and nothing in the Court's file indicates, that he has invalidated the computation of his sentences. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 2 day of Dec. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02286-BNB

Richard S. Jones
Prisoner No. 08-6215
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed the **ORDER AND JUDGMENT** to the above-named individuals on **12/3/08**

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk